Affidavit of Madness

RECEIVED JUL - 8 2014 PRO SE OFFICE

Case 14-CV-2977 (Lap)

Thank you for taking the time to review my case & thank you for taking the time to dismissed my case now I can take you, this Court into the international criminal court for/against this action of Injustice.

1.) Why is this document does not have the seal of the court of clerk.

2.) since there's no seal of the federal Court and Office of the court of clerk I see this document as a fraud and due to such evidence that you mail me I have all the lawful right to sue you, your court & every order & defendants in the International Court.

3.) your systems proving how corrupted indeed it is taking side against judge(s) dismissal of all Constitutional Law's that's was place by the pale-faces so called for-father's law's for justice, indeed show the biases of/in this court, the systems. In this Corporation so call America, a copy of your dismissal will be send to the Justice Department and I demand the bonds, insurance's & license's of this judge who made such a dismissal A.S.A.P. failure to provide me with such document will lead me to file an International lien against the judge, this court & the systems & everyone who work for such

and failure to provide the same to be made this dismissal ruling under the Laws and under the F.O.I.L. Title of such documents of the Judge, I want the oath of office for the Judge, the bond, insurance and licenense of this Judge who made this dismissal decision under the Freedom of Information Act 5 U.S. Code §552 I demand this Judge information. This court have 15 day to mail me this Judge oath of office, bonds, licenense & insurance failure to do so within 15 day will be a violation of the freedom of information act title 15. Furthermore Next time your court mail me any lawful documents must be seal by the Clerk of the Court & notarize. This dismissal is not a lawful dismissal. In additional to this legalism that you the judge quote into this illegal dismissal document is what it is nothing but Legalist its not a Constitutional Law, not a proper fair of dismissal. There are laws & there are legalist this bullshit Law quoting in this document its bullshit & legalist — by me having such evidence not all my evidences are complete to move this case into the international Criminal Court for crime wrong doing & also into the Aborigine Indigeneous Court, and into the United Nations Court. This is a handwriting affidavit of my respond to the Case # 14-CV-2977 (Lap) that so called chief Loretta A. Preska whose chief United States District Judge for the United States District Court Southern District of New York Federal Court

7/4/14

New York, New York
07-04-2014

_Delores Green_

DELORES GREEN
Notary Public, State of New York
No. 31-4527811
Qualified in New York County
Commission Expires Aug 31, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAN TERRIE,

                Plaintiff,

    -against-

SUPREME COURT OF NY, NY; JUDGE
DORIS LING-COHAN; JUDGE
MARGARET A. CHAN;

                Defendants.

14-CV-2977 (LAP)

ORDER OF DISMISSAL

LORETTA A. PRESKA, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated her civil and constitutional rights in an action before the New York State Supreme Court, New York County. By order dated May 9, 2014, the Court granted Plaintiff's request to proceed *in forma pauperis*. The Court dismisses the complaint for the following reasons.

## STANDARD OF REVIEW

    The Court has the authority to screen *sua sponte* an IFP complaint at any time and must dismiss the complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, who in 2013 had an action before the New York State Supreme Court, New York County, alleges misconduct, corruption and unfairness by two state court judges – Defendants Ling-Cohan and Chan. Plaintiff claims that the judges were biased and broke their oaths of office. She brings this action seeking to remove them from their posts.

## DISCUSSION

A. **Section 1983 Claims**

Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because Plaintiff brings this action alleging violation of her civil and constitutional rights by state actors, the complaint is construed liberally as being brought under § 1983.

B. **New York State Supreme Court, New York County**

The Eleventh Amendment bars from federal court all suits by private parties against a state unless the state consents to such a suit or Congress has validly abrogated its immunity. *See Bd. of Trs. v. Garrett*, 531 U.S. 356, 363-64 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). A state's immunity extends to state agencies such as the New York State Unified Court System, of which the New York State Supreme Court, New York County, is a member. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978)(*per curiam*); *Zuckerman v. Appellate Div.*, 421 F.2d 625, 626 (2d Cir. 1970).

2

Because neither the State of New York nor its agencies have consented to be sued in federal court under § 1983, and Congress has not abrogated the state's immunity, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977), Plaintiff's claims against the New York State Supreme Court, New York County, are barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### C. State Court Judges

Plaintiff's claims against the two state court judges must also be dismissed. Judges are absolutely immune from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citations omitted). Here, Plaintiff seeks to bring claims against the two state court judges for actions taken in their judicial capacity. The claims against the two judges therefore must be dismissed under the doctrine of judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### D. *Rooker-Feldman* Doctrine

Even if Plaintiff had named a defendant who was amenable to suit under § 1983, to the extent she seeks to challenge underlying decisions in her state court case, her claims are barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts, except for constitutional challenges raised on direct appeal to the United States Supreme Court and reviews pursuant to an application for a writ of habeas corpus. *See* 28 U.S.C. § 1257(a) (the United States S[upreme Court] to review a state court's judicial decisions). In other words, district courts are barred from

Because neither the State of New York nor its agencies have consented to be sued in federal court under § 1983, and Congress has not abrogated the state's immunity, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977), Plaintiff's claims against the New York State Supreme Court, New York County, are barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### C.     State Court Judges

Plaintiff's claims against the two state court judges must also be dismissed. Judges are absolutely immune from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citations omitted). Here, Plaintiff seeks to bring claims against the two state court judges for actions taken in their judicial capacity. The claims against the two judges therefore must be dismissed under the doctrine of judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### D.     *Rooker-Feldman* Doctrine

Even if Plaintiff had named a defendant who was amenable to suit under § 1983, to the extent she seeks to challenge underlying decisions in her state court case, her claims are barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts, except for constitutional challenges raised on direct appeal to the United States Supreme Court and reviews pursuant to an application for a writ of habeas corpus. *See* 28 U.S.C. § 1257(a) (the United States Supreme Court has the sole authority to review a state court's judicial decisions). In other words, district courts are barred from

deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Green v. Mattingly*, 585 F3d 97, 101 (2d Cir. 2009) (noting the four requirements requiring application of the *Rooker-Feldman* doctrine).

In the instant action, Plaintiff (1) alleges that she lost in state court; (2) "complains of injuries caused by [a] state-court judgment;" (3) asks this Court to review and reject the state court's judgment; and (4) alleges that the state court judgment was rendered before she filed her case in this Court. *Green*, 585 F.3d at 101. Under the *Rooker-Feldman* doctrine, this Court is barred from hearing the claims that have already been decided by state court or that are "'inextricably intertwined' with issues that have already been decided, by a state court." *Mitchell v. Fishbein*, 377 F.3d 157, 165 (2d Cir. 2004) (quoting *Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 29 (2d Cir. 2003) (*per curiam*) (internal quotation & citation omitted)). In addition, Plaintiff may not seek "reversal of a state court judgment simply by casting [her] complaint in the form of a civil rights action." *Brooks-Jones v. Jones*, 916 F. Supp. 280, 281-82 (S.D.N.Y 1996) (internal quotation & citations omitted). Accordingly, to the extent Plaintiff seeks review of a state court judgment, her claims are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

E.   **Warning to Plaintiff**

Plaintiff has recently filed several actions in this Court relating to her proceedings in several state court actions. *See Terrie v. Hous. Court*, No. 14-CV-2969 (LAP) (S.D.N.Y. filed April 23, 2014) (pending complaint alleging claims relating to housing court action); *Terrie v. The Tenant Ass'n.*, No. 14-CV-2448 (LAP) (S.D.N.Y. Apr. 28, 2014) (denying request to remove

4

action from housing court because of failure to comply with statutory removal procedure); *Terrie v. City of NY*, No. 14-CV-2070 (LAP) (S.D.N.Y. Apr. 23, 2014) (denying request to remove action from New York State Court of Claims because of failure to comply with statutory removal procedure); *Terrie v. HPD & HPD Parties*, No. 13-CV-3419 (LAP) (S.D.N.Y. Jan. 22, 2014) (dismissing after failure to amend claims to establish subject matter jurisdiction over claims relating to action in the New York State Supreme Court); *Terrie v. NYPD*, No. 13-CV-4849 (LAP) (S.D.N.Y. Aug. 1, 2013) (dismissing complaint because claims duplicative of those in pending case under docket number 13-CV-3419 (LAP)). The Court cautions Plaintiff that the continued filing of actions that are found to be without merit may result in her being barred from filing new actions *in forma pauperis* in this Court without prior leave of the Court.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED:

Dated: May 27, 2014
New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAN TERRIE,

               Plaintiffs,

-against-

SUPREME COURT OF NY, NY; JUDGE DORIS LING-COHAN; JUDGE MARGARET A. CHAN,

               Defendant.

14-CV-2977 (LAP)

CIVIL JUDGMENT

Pursuant to the order issued on May 27, 2014, dismissing the complaint,

IT IS ORDERED, ADJUDGED AND DECREED that the complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from the Court's judgment would not be taken in good faith.

IT IS FURTHER ORDERED that the Clerk of Court mail a copy of this judgment to Plaintiff and note service on the docket.

Dated: May 27, 2014
       New York, New York

                                      LORETTA A. PRESKA
                                      Chief United States District Judge

THIS DOCUMENT WAS ENTERED ON THE DOCKET ON_____.